NO. 07-09-0396-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
 FEBRUARY 23, 2010
 _____________________________
 
 CARLOS TIJERINA, APPELLANT
 
 V. 
 
 THE STATE OF TEXAS, APPELLEE
 ______________________________
 
 FROM THE 154[TH] DISTRICT COURT OF LAMB COUNTY; 
 
 NO. 4162; HONORABLE FELIX KLEIN, JUDGE
 ______________________________
 
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 ORDER
 
 
Appearing pro se, Carlos Tijerina filed a document with this court that we mistakenly treated as a notice of appeal. Tijerina subsequently filed a document explaining his original filing was intended to place us on notice of a potential appeal if he received an unfavorable ruling on matters pending in the trial court. Questioning our jurisdiction, we offered Tijerina and the State an opportunity to address the issue further. Neither responded. 
Our appellate jurisdiction in a criminal case extends to judgments and appealable orders. See Tex. Code Crim. Proc. art. 44.02 (Vernon 2006) ("[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed"); Tex. R. App. P. 25.2(a)(2) (a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" which the trial court shall certify each time it "enters a judgment of guilt or other appealable order"). Otherwise, we lack appellate jurisdiction. In some circumstances, a premature notice of appeal may be effective to invoke appellate jurisdiction. See Tex. R. App. P. 27.1(b). However, this is not such a case. According to the correspondence Tijerina filed, the trial court has not yet ruled on matters he presented to that court for determination. 
 Finding we lack jurisdiction of this appeal, it is dismissed.
 It is so ordered.

 Per Curiam
Do not publish.